15-1388
Ling v. Lynch

BIA
Poczter, IJ
A205 083 153

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand sixteen.

PRESENT:
        RICHARD C. WESLEY,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
           *Circuit Judges.*

_____

JIANG LING,
        *Petitioner,*

        v.                               15-1388
                                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Zhen Liang Li, New York, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Acting Assistant Director; Sabatino F. Leo, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jiang Ling, a native and citizen of the People's Republic of China, seeks review of a March 30, 2015, decision of the BIA, affirming an April 9, 2013, decision of an Immigration Judge ("IJ") denying Ling's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Jiang Ling,* No. A205 083 153 (B.I.A. Mar. 30, 2015), *aff'g* No. A205 083 153 (Immig. Ct. N.Y. City Apr. 9, 2013).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and BIA's decisions.  *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).  The applicable standards of review are well established.  8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Ling's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," and inconsistencies in her or her witness's statements, "without

2

regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. As discussed below, substantial evidence supports the adverse credibility determination.

The agency reasonably rested its adverse credibility determination on inconsistencies between Ling's testimony and her mother's letter. *Id.* at 166-67. First, Ling testified that her mother took her to a chiropractor for treatment after she was released from detention, but when asked why her mother's letter omitted that visit, responded that her testimony was correct. *See id.* at 166-67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes). The agency was not required to credit this explanation because it did not account for why Ling's mother omitted this information from the letter. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his

3

testimony."). Second, Ling testified that she hid at her friend's home after escaping a police raid in 2010, but her mother's letter stated that Ling hid at a relative's home. The agency was not required to credit Ling's explanation that her mother considered her friend as her son. *See Majidi*, 430 F.3d at 80. The agency also reasonably found both inconsistencies significant because they related to events that occurred in the immediate aftermath of Ling's only two encounters with police, which called into doubt whether those encounters had occurred at all. *See Xiu Xia Lin*, 534 F.3d at 167.

The agency also reasonably relied on the inconsistencies between Ling's testimony and credible-fear interview concerning her treatment in detention. *See Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009) (observing that inconsistencies arising from a credible-fear interview may serve as an appropriate basis for an adverse credibility determination). First, Ling testified that, while detained, she had been kicked in the stomach and slapped, and had her hair pulled. But when asked at her credible-fear interview whether anything happened to her in detention, she responded: "They interrogated me and did not give me any food or drink for one day." The agency was not required to credit Ling's explanation that her testimony was correct because it did not account for

4

why she omitted this information during her credible-fear interview. *See Majidi*, 430 F.3d at 80. Second, Ling testified that the police destroyed her bible in detention but omitted this from her application and credible-fear interview. Ling does not challenge the agency's reliance on this omission in her brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). The agency, moreover, reasonably found both inconsistencies to be significant because they concerned the sole incident of alleged persecution. *See Xiu Xia Lin*, 534 F.3d at 163-64.

We decline to consider Ling's unexhausted challenge to the reliability of the credible-fear interview. Ling did not challenge the reliability of that interview before the BIA, the BIA did not address the issue, and the Government asserts exhaustion. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123-25 (2d Cir. 2007) (providing that judicially imposed issue exhaustion is mandatory).

The agency also did not err in concluding that Ling's corroborating evidence was insufficient to rehabilitate her credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (recognizing that "[a]n applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an

5

applicant unable to rehabilitate testimony that has already been called into question" or is viewed as suspicious).  The agency reasonably gave diminished weight to Ling's corroborating evidence: the letter from her mother was inconsistent with Ling's testimony, and the letters from fellow church members in China were from interested parties not subject to cross examination.  *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence.").

 Given the foregoing inconsistencies, omissions, and Ling's insufficient corroborating evidence, the totality of the circumstances supports the credibility ruling.  *Xiu Xia Lin*, 534 F.3d at 167.  Because Ling's claims for relief were based on the same factual predicate, the adverse-credibility determination is dispositive of asylum, withholding of removal, and CAT relief.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

 For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

6

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7